# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL BUCHANAN, et al.,
    Plaintiffs

vs

HAMILTON COUNTY SHERIFF'S
DEPT., et al.,
    Defendants

Case No. 1:10-cv-503

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiffs Michael Buchanan and Kenneth W. Rose bring this action against the Hamilton County Sheriff's Department and Naphcare, a provider of healthcare services to inmates at the Hamilton County Justice Center. By separate Order issued this date, plaintiff Michael Buchanan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court on plaintiff Buchanan's motion to add to complaint (Doc. 9) and for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Because plaintiff Kenneth W. Rose has not paid the $350.00 filing fee or submitted a motion for leave to proceed *in forma pauperis* in this case in order to institute this action on his behalf, the Court's sua sponte review of the complaint is limited to plaintiff Buchanan's claims.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson*, 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff Buchanan is an inmate at the Hamilton County Justice Center. The complaint alleges nine claims for relief against defendants Hamilton County Sheriff's Department and Naphcare.

Claim 1 alleges deputy Pruitt verbally berated and swore at Buchanan on August 18, 2010. Buchanan asserts that Pruitt deprived him of privileges because of Buchanan's "presumed sexual orientation." Buchanan also asserts Pruitt's actions were "condoned and supported" by the jail administration.

Claim 2 alleges that on May 28, 2010, defendant Naphcare refused Buchanan "urgent medical care for complications resulting from oral surgery days prior, resulting in severe untreated pain."

Claims 3 and 6 concern plaintiff Rose only and will not be discussed here.

Claim 4 alleges that "Defendant Naphcare routinely refuses timely medical care of protective custody inmates, including plaintiffs, over [the] past year, resulting in prolonged suffering violating fundamental and equal protection rights."

Claim 5 alleges that "jail administration has routinely refused adequate access to law materials to protective custody inmates, including plaintiffs, over [the] past year, resulting in

3

untimely pro-se motions, prejudicially effecting (sic) plaintiffs (sic) adjudication and in violation of fundamental and equal protection rights."

Claim 7 alleges "jail administration routinely re-introduced threatening inmates back into same protective custody housing with plaintiff without warning over [the] past year resulting in altercations and against plaintiffs (sic) fundamental rights."

Claim 8 alleges that the "jail refuses any ADA accomodations (sic) for plaintiff Buchanan's disabilities against fundamental rights and also unfavorably affecting his pro se motions."

Claim 9 alleges that "jail staff opened plaintiffs (sic) legal mail unlawfully and made unauthorized extra copies of plaintiff Buchanan's legal work and distributed it to the jail deputy director against plaintiffs (sic) fundamental rights."

Plaintiff seeks injunctive and monetary relief

Liberally construed, Claim 2 alleges deliberate indifference to serious medical needs against defendant Naphcare. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff Buchanan alleges that he suffered from a serious medical condition (complications from oral surgery) and was denied "urgent" medical treatment for this condition on May 28, 2010. While it is not entirely clear what type of medical treatment Buchanan sought or the particular circumstances surrounding the alleged denial, the Court nevertheless determines that Buchanan's claim is deserving of further development and should be permitted to proceed.

Claim 4 against defendant Naphcare should be dismissed as it is unsupported by sufficient factual allegations to state a plausible claim for relief. Plaintiff has not alleged sufficient factual content from which the Court may conclude that defendant Naphcare was

4

deliberately indifferent to a serious medical need. Plaintiff has failed to allege facts showing he suffers from an objectively serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"*Hudson v. McMillian,* 503 U.S. 1, 9 (1992). A medical need is sufficiently serious if "facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 898 (6th Cir. 2004). Here, plaintiff has not identified his medical condition or impairment, whether he sought treatment for such condition and, if so, the treatment sought, and whether he suffered any adverse effect from a denial or delay of treatment. His conclusory allegation that protective custody inmates, which included himself, were denied medical care fails to give the Court or the defendant fair notice of the substance of his claim. *Erickson,* 551 U.S. at 93. Aside from his allegations in Claim 2, Buchanan has not identified any serious medical condition for which he required treatment. Buchanan's allegation is tantamount to an unadorned "the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal,* 129 S.Ct. at 1949 and should be dismissed.

Buchanan's claims against the Hamilton County Sheriff's Department should be dismissed in their entirety. The claims against the Hamilton County Sheriff's Department are in reality official capacity claims against Hamilton County, the entity of which defendant Hamilton County Sheriff's Department is an agent. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978). *See also Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because

5

municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that the jail employees or officials acted pursuant to a particular policy or custom of Hamilton County in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Hamilton County Sheriff's Department. Accordingly, Claims 1, 5, 6, 7, 8 and 9 against defendant Hamilton County Sheriff's Department should be dismissed.

Plaintiff Buchanan's motion to add to complaint (Doc. 9) seeks to add a claim of

deliberate indifference to safety. Buchanan states that he was housed with a violent offender and was assaulted by this inmate on four occasions.

Amendment of the complaint to add this claim should be denied because amendment would be futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). As explained above, defendant Hamilton County Sheriff's Department cannot be held vicariously liable for the actions of individual jail employees. Therefore, plaintiff Buchanan's motion to add to complaint (Doc. 9) should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Buchanan's claim alleging deliberate indifference to serious medical needs against defendant Naphcare on May 18, 2010 (Claim 2) be permitted to proceed.

2. Plaintiff Buchanan's other claims against defendants Naphcare and Hamilton County Sheriff's Department be dismissed.

3. Plaintiff Buchanan's motion to add to complaint (Doc. 9) be denied.

Date: 10/22/2010

Karen L. Litkovitz
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BUCHANAN, et al.,
    Plaintiffs

vs

HAMILTON COUNTY SHERIFF'S
DEPT., et al.,
    Defendants

Case No. 1:10-cv-503

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).