# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL BUCHANAN, et al.,                         Case No. 1:10-cv-503
      Plaintiffs

                                      Dlott, J.
      vs                                 Litkovitz, M.J.

HAMILTON COUNTY SHERIFF'S
DEPT., et al.,                                    **REPORT AND RECOMMENDATION**
      Defendants

        Plaintiffs Michael Buchanan and Kenneth W. Rose bring this action against the Hamilton

County Sheriff's Department and Naphcare, a provider of healthcare services to inmates at the

Hamilton County Justice Center. On October 22, 2010, the Court ordered plaintiff Rose to

submit an application to proceed *in forma pauperis* or pay the $350.00 filing fee. (Doc. 11).

Plaintiff Rose has now complied with that Order and has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 by separate Order.

        This matter is before the Court for a sua sponte review of the complaint to determine

whether the complaint, or any portion of it, should be dismissed because it is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28

U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Because the Court has previously

reviewed the complaint as it relates to plaintiff Michael Buchanan (*see* Doc. 15), the Court's

instant sua sponte review of the complaint is limited to plaintiff Rose's claims.

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The

standard for plausibility is not akin to a "probability requirement," but it requires "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556).

Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it

stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing

*Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff Rose is an inmate at the Butler County Jail and former inmate at the Hamilton

County Justice Center. The complaint alleges nine claims for relief against defendants Hamilton

County Sheriff's Department and Naphcare.

Claim 1 alleges deputy Pruitt verbally berated and swore at Rose on August 18, 2010.

Buchanan asserts that Pruitt deprived him of privileges because of Buchanan's "presumed sexual

orientation." Buchanan also asserts Pruitt's actions were "condoned and supported" by the jail

administration.

Claim 2 relates to plaintiff Buchanan only and will not be discussed here.

Claim 3 states, "Since 9-1-10, defendant Naphcare has negligently refused to

communicate plaintiff Rose's medical prescriptions to Butler County Jail, resulting in suffering

from withdrawal of medications in excess of 30 days."

Claim 4 alleges that "Defendant Naphcare routinely refuses timely medical care of

protective custody inmates, including plaintiffs, over [the] past year, resulting in prolonged

suffering violating fundamental and equal protection rights."

Claim 5 alleges that "jail administration has routinely refused adequate access to law

materials to protective custody inmates, including plaintiffs, over [the] past year, resulting in

3

untimely pro-se motions, prejudicially effecting plaintiffs' adjudication and in violation of fundamental and equal protection rights."

Claim 6 alleges that "on 8-27-09, defendant Hamilton County Sheriff negligently failed to transport plaintiff Rose to criminal hearing, prejudicially effecting accuracy and sufficientcy (sic) of facts entered into the court's record, which unfavorably effected plaintiff's appeal, against plaintiff's fundamental rights."

Claim 7 alleges "jail administration routinely re-introduced threatening inmates back into same protective custody housing with plaintiff without warning over [the] past year resulting in altercations and against plaintiffs' fundamental rights."

Claim 8 relates to plaintiff Buchanan only and will not be discussed here.

Claim 9 alleges that "jail staff opened plaintiffs' legal mail unlawfully and made unauthorized extra copies of plaintiff Buchanan's legal work and distributed it to the jail deputy director against plaintiffs' fundamental rights."

Plaintiff Rose seeks injunctive and monetary relief.

For the reasons that follow, the undersigned recommends that plaintiff Rose's claims be dismissed for failure to state a claim upon which relief may be granted.

Claim 3 alleges a denial of medical care by defendant Naphcare. To state a claim for relief under 42 U.S.C. § 1983 for a denial of medical care, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" requires a prison official to both know of and disregard an excessive risk of serious harm to inmate health; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36

(1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc).  Plaintiff Rose alleges that Naphcare "negligently refused to communicate plaintiff Rose's medical prescriptions to Butler County Jail" which caused plaintiff Rose to suffer from withdrawal symptoms.  Since a negligent deprivation of medical care fails to state a claim for relief under the Eighth Amendment, Claim 3 should be dismissed.

Claim 6 alleges a denial of access to the courts.  In order to state a claim for relief for a denial of access to the courts, plaintiff must allege facts indicating he was actually impeded in an existing or contemplated non-frivolous legal proceeding.  *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999).  To have standing to pursue an access-to-the-courts claim, plaintiff must "show actual prejudice to non-frivolous claims." *Hadix*, 182 F.3d at 406.  "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  In addition, "the predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.*  In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 353 & n. 3).

Here, the complaint alleges that the Hamilton County Sheriff "negligently" failed to transport Rose to a criminal hearing on August 27, 2009, and that such failure affected the accuracy and sufficiency of the record and "unfavorably" affected Rose's appeal.  Plaintiff Rose fails to allege any facts relating to the "criminal hearing" or his appeal to enable the Court to

5

determine whether his physical absence at the hearing had an appreciable effect on the record of

proceedings or on the outcome of his appeal. He does not describe the purpose of the criminal

hearing, whether he was represented at such hearing by an attorney in his absence, and how his

absence affected the particular issues in his criminal appeal. He has failed to plead any facts

whatsoever showing that a non-frivolous claim has been lost or rejected, or that the presentation

of such a claim was prevented by the defendants' actions. Plaintiff's conclusory allegations are

insufficient to state a claim for denial of access to the courts under § 1983. *Scheid v. Fanny

Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Moreover, Claim 6 fails to state a

claim for relief for a denial of access to the courts because plaintiff Rose has failed to allege any

facts showing he suffered an actual injury because of some intentional, and not merely negligent,

act of the defendants. *See Sims v. Landrum*, 170 Fed. Appx. 954, 956-57 (6th Cir. 2006) (and

numerous cases cited therein). Therefore, Claim 6 should be dismissed.

Claim 4 against defendant Naphcare should be dismissed as it is unsupported by

sufficient factual allegations to state a plausible claim for relief. Plaintiff Rose has not alleged

sufficient factual content from which the Court may conclude that defendant Naphcare was

deliberately indifferent to a serious medical need. Plaintiff Rose has failed to allege facts

showing he suffers from an objectively serious medical condition. "Because society does not

expect that prisoners will have unqualified access to health care, deliberate indifference to

medical needs amounts to an Eighth Amendment violation only if those needs are

'serious.'"*Hudson v. McMillian,* 503 U.S. 1, 9 (1992). A medical need is sufficiently serious if

"facts show an obvious need for medical care that laymen would readily discern as requiring

prompt medical attention by competent health care providers." *Blackmore v. Kalamazoo County,*

390 F.3d 890, 898 (6th Cir. 2004). Here, plaintiff Rose has not identified his medical condition or impairment, whether he sought treatment for such condition and, if so, the treatment sought, and whether he suffered any adverse effect from a denial or delay of treatment. His conclusory allegation that he and other protective custody inmates were denied medical care fails to give the Court or defendant Naphcare fair notice of the substance of his claim. *Erickson,* 551 U.S. at 93. Rose's allegation is tantamount to an unadorned "the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal*, 129 S.Ct. at 1949, and should be dismissed.

Claims 1, 5, 7 and 9 against defendant Hamilton County Sheriff's Department should be dismissed in their entirety. The claims against the Hamilton County Sheriff's Department are in reality official capacity claims against Hamilton County, the entity of which defendant Hamilton County Sheriff's Department is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983.

"It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312

7

(1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell* ] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that jail employees or officials acted pursuant to a particular policy or custom of Hamilton County in allegedly violating his civil rights. Therefore, plaintiff Rose's complaint fails to state a claim upon which relief may be granted against defendant Hamilton County Sheriff's Department. Accordingly, Claims 1, 5, 7 and 9 against defendant Hamilton County Sheriff's Department should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Rose's claims against defendants Naphcare and Hamilton County Sheriff's Department be dismissed in their entirety.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/30/2010

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL BUCHANAN, et al.,                    Case No. 1:10-cv-503
    Plaintiffs

                            Dlott, J.
vs                                           Litkovitz, M.J.

HAMILTON COUNTY SHERIFF'S
DEPT., et al.,
    Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9