UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BUCHANAN, et al.,
    Plaintiffs                                     Civil Action No. 1:10-cv-503
                                                      Dlott, J.
    vs                                                      Litkovitz, M.J.

HAMILTON COUNTY SHERIFF'S           **REPORT AND RECOMMENDATION**
DEPT., et al.,
    Defendants

        Plaintiffs Michael Buchanan and Kenneth Rose filed this action against the Hamilton County Sheriff's Department and Naphcare, a provider of healthcare services to inmates at the Hamilton County Justice Center. The undersigned issued a Report and Recommendation on October 22, 2010, recommending that plaintiff Buchanan's claim alleging deliberate indifference to serious medical needs against defendant Naphcare (Claim 2) be permitted to proceed and that all other claims brought by Buchanan against Naphcare and the Hamilton County Sheriff's Department be dismissed. (Doc. 15). On December 1, 2010, the undersigned issued a Report and Recommendation recommending that plaintiff Rose's claims against both defendants be dismissed in their entirety. (Doc. 25). The Report and Recommendations are pending before the District Judge. The matter is now before the Court on motions for leave to amend the complaint filed by Buchanan (Doc. 18) and by Buchanan and Rose. (Doc. 33).

        The motion for leave to amend the complaint filed by plaintiffs Buchanan and Rose (Doc. 33) should be denied because the proposed amendment would be futile. *See Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir. 1994)). The undersigned recommended dismissal of all but one of plaintiffs' original claims due to plaintiffs'

failure to allege specific facts to support the claims and to include any facts showing that the "jail employees or officials acted pursuant to a particular policy or custom of Hamilton County" in allegedly violating the plaintiffs' civil rights. (Doc. 15 at 6; Doc. 25 at 8). The plaintiffs' proposed amended complaint does not cure these deficiencies. It does not include any facts showing that the jail employees or officials acted pursuant to an official policy or custom of Hamilton County. Moreover, the proposed amended complaint fails to allege specific facts showing that either plaintiff had serious medical needs to which Naphcare was deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Finally, the proposed amended complaint fails to state a claim for denial of access to the court because it alleges that plaintiff Rose was denied access to a criminal hearing only due to "*errors* sworn to by defense counsel." Doc. 33, Claim 6 (emphasis added). There is no allegation that defendant Hamilton County Sheriff's Department committed an intentional, and not merely negligent, act which caused actual injury to plaintiff. *See Sims v. Landrum*, 170 F. App'x 954, 956-57 (6th Cir. 2006) (and cases cited therein).

Plaintiff Buchanan's motion for leave to amend the complaint (Doc. 18) should be granted in part and denied in part. Buchanan states that he seeks to clarify that plaintiffs were injured as the result of an "unconstitutional policy" of Hamilton County and to provide more details to show that plaintiffs were retaliated against for exercising their constitutional rights. However, Buchanan has failed to include any factual allegations from which the Court may reasonably infer that plaintiffs' injuries were caused by an unconstitutional policy or custom of Hamilton County. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Nor has Buchanan alleged any facts in support of a retaliation claim. The Court

need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, amendment of the complaint would be futile. *Coe,* 161 F.3d at 341. Accordingly, plaintiff Buchanan's motion to amend should be denied insofar as he seeks to clarify the claims presented in the original complaint. However, because the undersigned has recommended that plaintiff Buchanan be permitted to proceed against defendant Naphcare on his claim for deliberate indifference to serious medical needs, plaintiff should be granted leave to amend the complaint to add a jury demand.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Buchanan's motion for leave to amend the complaint (Doc. 18) be **DENIED** insofar as he seeks to clarify the claims in the original complaint and **GRANTED** as to his request to add a jury demand.

2. Plaintiffs' motion for leave to amend the complaint (Doc. 33) be **DENIED**.

Date: 3/2/2011

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BUCHANAN, et al.,
      Plaintiffs

vs

HAMILTON COUNTY SHERIFF'S
DEPT., et al.,
      Defendants

Civil Action No. 1:10-cv-503
Dlott, J.
Litkovitz, M.J.

REPORT AND RECOMMENDATION

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Buchanan 634-461
Madison Corr. Inst.
P.O. Box 740
London, Ohio 43140-0740

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7002 3150 0000 8389 1092

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:10cv503 (Doc. 36)